IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-402

 No. COA20-32

 Filed 3 August 2021

 Rowan County, No. 18-CVS-699

 GERALD STEVEN SPRINKE, JR., Plaintiff,

 v.

 MATTHEW JOHNSON, Defendant.

 Appeal by defendant from order and judgment entered 17 June 2019 and 1

 July 2019 by Judge Anna Mills Wagoner in Rowan County Superior Court. Heard in

 the Court of Appeals 11 May 2021.

 Lisa Costner for plaintiff-appellee.

 Collins Family Law Group, by Rebecca K. Watts, for defendant-appellant.

 GORE, Judge.

¶1 Gerald Steven Sprinkle, Jr., (“plaintiff”) filed suit against Dr. Matthew

 Johnson (“defendant”) for alienation of affection and criminal conversation, alleging

 that defendant engaged in a romantic relationship and sexual acts with his wife Jana

 Sprinkle (“Mrs. Sprinkle”). Following a jury trial, at which defendant was neither

 present nor represented by counsel, judgment was entered awarding plaintiff a total

 of $2,294,000.00 in compensatory and punitive damages from defendant. Upon
 SPRINKLE V. JOHNSON

 2021-NCCOA-402

 Opinion of the Court

 review, we conclude that defendant did not have notice of trial and vacate and remand

 the judgment against him.

 I. Factual and Procedural Background

¶2 Mrs. Sprinkle worked at defendant’s oral surgery practice in Mooresville,

 North Carolina, for seventeen years as a surgical assistant. Over a period of four

 years during her employment, defendant and Mrs. Sprinkle engaged in a romantic

 and sexual relationship.

¶3 In 2014, defendant initiated sexually explicit conversation with Mrs. Sprinkle

 and touched her bottom at work. As the affair progressed, defendant provided Mrs.

 Sprinkle with Adderall, a cell phone for communicating with him, and the two met at

 hotel rooms and his house on Lake Norman to have sexual intercourse. The affair

 came to a halt when another employee discovered a photograph on defendant’s phone

 of Mrs. Sprinkle participating in a sexual act with him. That photograph was

 eventually seen by Mrs. Sprinkle’s cousin. Mrs. Sprinkle then told her husband,

 plaintiff, about the affair. While plaintiff and Mrs. Sprinkle decided to reconcile, the

 affair resulted in Mrs. Sprinkle’s loss of employment, and plaintiff sought mental

 health treatment and incurred related expenses.

¶4 On 23 March 2018, plaintiff filed suit against defendant for alienation of

 affection and criminal conversation. Plaintiff properly served defendant with the

 complaint at his business address on Medical Park Road in Mooresville. Plaintiff
 SPRINKLE V. JOHNSON

 2021-NCCOA-402

 Opinion of the Court

 alleged that defendant and Mrs. Sprinkle engaged in sexual intercourse on multiple

 occasions in North Carolina during the marriage, and defendant’s actions interfered

 with a genuine love and affection that existed in the marital relationship between

 them.

¶5 Upon receiving service of the complaint on 3 May 2018, defendant hired an

 attorney and was granted a thirty-day extension to file an answer. Defendant filed

 an answer on 5 July 2018 and also filed motions to dismiss and bifurcate. Those

 filings were later amended and refiled on 24 July 2018.

¶6 The parties and their respective counsel participated in court-ordered

 mediation on 11 January 2019. The filed Report of Mediator in Superior Court Civil

 Action represented that the parties settled the dispute and arrived to an “agreement

 on all issues.” The report stipulated that plaintiff’s attorney would file a notice of

 dismissal no later than 30 June 2019. The mediator notified the trial court that the

 matter had been settled in mediation, but it could not be dismissed before the end of

 June as to allow defendant requisite time to pay the agreed upon amount. The

 mediator’s report did not specify the agreement’s substantive terms. The only

 indication of the agreement reached in mediation is evidenced in a nearly illegible

 handwritten note authored by plaintiff’s attorney. The note’s only decipherable

 writing is its apparent title of “Agreement 1/11/19.” There is no further indication as

 to what the parties agreed to, nor the extent to which those terms were mutually
 SPRINKLE V. JOHNSON

 2021-NCCOA-402

 Opinion of the Court

 abided by.

¶7 Defendant’s counsel moved to withdraw from representation in the matter on

 22 March 2019, citing defendant’s lack of communication, contempt towards his legal

 advice, and failure to procure payment for legal fees. The motion to withdraw as

 counsel was granted by a court order on 15 April 2019. In a certificate of service

 attached to that motion, counsel certified that he had served defendant with both the

 motion and the notice of hearing regarding the same by mail sent to an address on

 Beaten Path Road in Mooresville. Defendant’s attorney believed this to be the correct

 mailing address.

¶8 On 17 June 2019, the trial court entered a Pre-Trial Order without holding a

 pre-trial conference. The Pre-Trial Order contained stipulations and agreements but

 was not signed by defendant or an attorney representing him. The Order was signed

 by only plaintiff’s attorney and the trial court. The Order states that plaintiff’s

 attorney, after due diligence, was unable to arrange a time with defendant for a pre-

 trial conference.

¶9 The trial was conducted from 24 June to 25 June 2019 before a jury in Rowan

 County Superior Court. Defendant was neither present at trial nor represented by

 counsel. On 25 June 2019, the jury rendered a verdict for plaintiff in the amount of

 $794,000.00 in compensatory damages and $1,500,000.00 in punitive damages, for a

 total award of $2,294,000.00. The trial court entered judgment reflecting the jury
 SPRINKLE V. JOHNSON

 2021-NCCOA-402

 Opinion of the Court

 verdict on 1 July 2019.

¶ 10 Later, defendant was contacted by a reporter who inquired about the verdict

 against him. Defendant claims that, until that moment, he was unaware the trial

 had been held or that a judgment had been entered. He then hired new counsel who

 obtained the court file, where he first learned that his previous attorney had

 withdrawn. Defendant claims he also learned of the Pre-Trial Order, the trial date,

 and the $2,294,000.00 judgment from the court file.

¶ 11 On 11 July 2019, Defendant’s attorney filed a motion pursuant to Rules 59 and

 60 of the North Carolina Rules of Civil Procedure (hereinafter, “Rule 59/60 motion”),

 requesting a new trial. In the alternative, Defendant requested relief from the Pre-

 Trial Order, the judgment entered, or a new pre-trial conference. Plaintiff filed a

 response to that motion, and a motion for sanctions pursuant to Rule 11 of the North

 Carolina Rules of Civil Procedure.

¶ 12 In an affidavit, defendant stated that although he formerly resided at the

 Beaten Path Road address, he moved from that property around or before November

 2018. He further stated that in December 2018 and January 2019, he informed his

 attorney that he had moved and was living in temporary housing. Additionally, he

 claims he never received mail at the Beaten Path Road address, but instead has used

 his Medical Park Road business address for receiving mail, and the property tax card

 for the Beaten Path Road address lists his business address as the appropriate
 SPRINKLE V. JOHNSON

 2021-NCCOA-402

 Opinion of the Court

 mailing address. Defendant also stated that his former attorney always

 communicated with him by phone or text message, and he never received notice of

 his counsel’s motion to withdraw, the Pre-Trial Order, or notice of trial by those

 means. Additionally, defendant’s ex-wife, Ms. Regina Johnson, corroborated by

 affidavit defendant’s timeline regarding his place of residence.

¶ 13 On 31 July 2019, Defendant withdrew his Rule 59/60 motion. In response,

 plaintiff dismissed his Rule 11 motion, which indicated mail service on defendant at

 three addresses: (1) Beaten Path Road; (2) Fern Hill Road; and (3) the Medical Park

 Road business address. On the same day, defendant’s counsel filed a Motion to

 Withdraw, which was granted. Defendant filed a pro se Notice of Appeal and listed

 his address as the Medical Park Road business address.

 II. Discussion

¶ 14 On appeal, defendant argues that the trial court abused its discretion in

 entering a Pre-Trial Order without holding a pre-trial conference. Specifically, he

 contends that the trial court exceeded its authority by entering stipulations and

 agreements of the parties when both parties did not actually stipulate or agree, and

 that Order effectively dispensed with our Rules of Evidence. Additionally, he argues

 that he was deprived his right to due process when he was not provided with notice

 of the date, time, or place of the trial.
 SPRINKLE V. JOHNSON

 2021-NCCOA-402

 Opinion of the Court

¶ 15 As a preliminary matter, defendant failed to preserve his issues on appeal, and

 any issue presented regarding lack of notice for trial, or the Pre-Trial Order, are not

 properly before this Court. Rule 10 of the North Carolina Rules of Appellate

 Procedure provides in pertinent part:

 In order to preserve an issue for appellate review, a party
 must have presented to the trial court a timely request,
 objection, or motion, stating the specific grounds for the
 ruling the party desired the court to make if the specific
 grounds were not apparent from the context. It is also
 necessary for the complaining party to obtain a ruling upon
 the party’s request, objection, or motion.

 N.C.R. App. P. 10(a)(1). “[I]t is well-established that the North Carolina Rules of

 Appellate Procedure are mandatory and failure to follow these rules will subject an

 appeal to dismissal.” Stann v. Levine, 180 N.C. App. 1, 3, 636 S.E.2d 214, 215 (2006)

 (purgandum). Given that defendant was absent from trial and not represented by

 counsel, he did not have an opportunity to present a timely request or objection in

 open court. Furthermore, defendant voluntarily withdrew his Rule 59/60 motion and

 supporting affidavits, without a hearing on the merits, before the trial court could

 render a decision upon his motion. “It is well settled that an error, even one of

 constitutional magnitude, that defendant does not bring to the trial court’s attention

 is waived and will not be considered on appeal.” State v. Bursell, 372 N.C. 196, 199,

 827 S.E.2d 302, 305 (2019) (quotation marks and citation omitted).
 SPRINKLE V. JOHNSON

 2021-NCCOA-402

 Opinion of the Court

¶ 16 However, notice is a fundamental requirement of due process. In accordance

 with Rule 2 of the Appellate Rules of Procedure, this Court may “suspend or vary the

 requirements or provisions of any of these rules[,]” sua sponte or upon the motion of

 a party, “[t]o prevent manifest injustice to a party, or to expedite decision in the public

 interest” except where the rules otherwise expressly prohibit. N.C.R. App. P. 2.

 “[T]his residual power . . . may be drawn upon where the justice of doing so or the

 injustice of failing to do so appears manifest to the Court.” Blumenthal v. Lynch, 315

 N.C. 571, 578, 340 S.E.2d 358, 362 (1986) (citation omitted). “Rule 2 must be applied

 cautiously, and it may only be invoked in exceptional circumstances. A court should

 consider whether invoking Rule 2 is appropriate in light of the specific circumstances

 of individual cases and parties, such as whether substantial rights of an appellant

 are affected.” Bursell, 372 N.C. at 200, 827 S.E.2d at 305-06 (quotation marks and

 citations omitted).

¶ 17 “Notice and an opportunity to be heard prior to depriving a person of his

 property are essential elements of due process of law which is guaranteed by the

 Fourteenth Amendment of the United States Constitution and Article 1, section 17,

 of the North Carolina Constitution.” Swanson v. Herschel, 174 N.C. App. 803, 805,

 622 S.E.2d 159, 160-61 (2005) (quotation marks and citation omitted). “This right to

 be heard has little reality or worth unless one is informed that the matter is pending
 SPRINKLE V. JOHNSON

 2021-NCCOA-402

 Opinion of the Court

 and can choose for himself whether to appear or default, acquiesce or contest.”

 Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 314, 94 L. Ed. 865, 873 (1950).

 It is a principle, never to be lost sight of, that no person
 should be deprived of his property or rights, without notice
 and an opportunity of defending them. This right is
 guaranteed by the constitution. Hence it is, that no Court
 will give judgment against any person, unless such person
 have an opportunity of sh[o]wing cause against it. A
 judgment entered up otherwise would be a mere nullity.

 Den ex dem. Hamilton v. Adams, 6 N.C. 161, 162 (1812). Considering the

 circumstances of this case, and the manifest necessity of due process, this Court

 invokes Rule 2 as to permit appellate review. “Whether a party has adequate notice

 is a question of law, which we review de novo.” Id. at 805, 622 S.E.2d at 160 (citation

 omitted).

¶ 18 In Laroque v. Laroque, this Court examined notice requirements as governed

 by Rules of Civil Procedure and the General Rules of Practice. 46 N.C. App. 578, 580,

 265 S.E.2d 444, 445 (1980). This Court held that the defendant did not receive the

 requisite notice of trial when nothing on the record indicated that a trial calendar

 request or certificate of readiness was mailed to him. Id. at 581-82, 265 S.E.2d at

 446-47. In reaching its decision, this Court reasoned that:

 Rule 2 of the Rules of Practice, by requiring notice of the
 calendaring of a case, secures to a party the opportunity to
 prepare his case for trial and to be present for trial or to
 seek a continuance. Although the rule specifies that the
 calendar be sent to each attorney of record and that the
 SPRINKLE V. JOHNSON

 2021-NCCOA-402

 Opinion of the Court

 copy of the certificate or readiness be sent to opposing
 counsel, it is implicit in the rule that where a party is not
 represented by counsel he is entitled to the same notice. We
 note that it has long been the practice in this State that
 when a party to an action does not have counsel, a copy of
 each calendar on which his action appears calendared for
 trial is mailed to him at the last address available to the
 Clerk.

 Id. at 581, 265 S.E.2d at 446 (1980) (citation omitted). “[R]ule [2] contemplates that

 systematic notice of the calendaring of a case be given to a party at each stage of the

 calendaring process.” Id. at 580, 265 S.E.2d at 446.

¶ 19 In Brown v. Ellis, this Court also addressed notice requirements in an action

 involving alienation of affection and criminal conversation claims. 206 N.C. App. 93,

 94, 696 S.E.2d 813, 816 (2010). In Brown, the “defendant’s attorney’s motion to

 withdraw, the order allowing the motion to withdraw, the order setting the trial date,

 and the trial calendar mailed from the trial court were all mailed to the incorrect

 address.” Id. at 102-03, 696 S.E.2d at 820. Further, the record was silent as to

 whether “defendant received any notices or documents regarding the case after the

 trial court denied his motion to dismiss[.]” Id. at 103, 696 S.E.2d at 820. The

 defendant neither appeared at trial, nor was he represented at trial, and judgment

 was entered against him in the amount of $600,000.00. Id. at 94, 696 S.E.2d at 815.

¶ 20 This Court held that the defendant was entitled to a new trial because lack of

 adequate notice did not comport with the requirements of due process. Id. at 109,
 SPRINKLE V. JOHNSON

 2021-NCCOA-402

 Opinion of the Court

 696 S.E.2d at 824. This Court contrasted its decision in Laroque with that in

 Dalgewicz v. Dalgewicz, 167 N.C. App. 412, 606 S.E.2d 164 (2004), where the

 defendant received notice that his case was calendared for trial but failed to appear

 because he was “neglectful and inattentive to his case.” 167 N.C. App. 412, 418, 606

 S.E.2d 164, 168 (2004). In Brown, this Court concluded that:

 neither the scheduling order nor the court calendar was
 mailed to the service address, through no fault of
 defendant. Defendant had no way of knowing and no
 reason to know that both his original counsel and the trial
 court were sending documents to him at an incorrect
 address until after he was notified of the trial three days
 before it was to begin and he was able to contact an
 attorney in North Carolina.

 Brown, 206 N.C. App. at 108, 696 S.E.2d at 823.

¶ 21 In the case sub judice, counsel for defendant listed the address on Beaten Path

 Road in Mooresville as the address he served defendant with notice of the motion to

 withdraw and hearing on that motion. However, nothing in the record indicates that

 defendant received that notice. Plaintiff argues that it was reasonable to rely on the

 address listed on the pleadings filed by defendant’s attorneys, and that defendant

 was under a continuing duty to keep opposing counsel informed of his correct address.

 However, assuming arguendo, that service at the Beaten Path Road address was

 proper, the record simply does not reflect that defendant was served with the order
 SPRINKLE V. JOHNSON

 2021-NCCOA-402

 Opinion of the Court

 allowing defense counsel to withdraw, the Pre-Trial Order, calendar notice, or notice

 of trial at any address.

¶ 22 The facts before us do not indicate that defendant was negligent or inattentive

 to his case. This is a case where defendant never received proper notice of trial. This

 court concludes that a failure to provide proper notice violated defendant’s due

 process rights and entitles him to a new trial. Accordingly, we need not address his

 remaining arguments.

 VACATED AND REMANDED.

 Judges ARROWOOD and COLLINS concur.